## IN THE CIRCUIT COURT OF TROUSDALE COUNTY, TENNESSEE
## FOR THE FIFTEENTH JUDICIAL DISTRICT AT HARTSVILLE

JUSTIN WRIGHT,

     Plaintiff,

vs.

CORECIVIC, INC. and CORECIVIC OF
TENNESSEE, LLC,

     Defendants.

**JURY DEMAND**

No. 2020-CV-4881

Div. _____

FILE
KIM TAYLOR
2:26 pm
DEC 2 9 2020
CIRCUIT COURT CLERK
BY Sandy Tomlinson DC

## COMPLAINT

Plaintiff Justin Wright files this Complaint against Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC, arising out of an incident that occurred on or about January 1, 2020, at the Trousdale Turner Correctional Center and in support, would show as follows:

### I. PARTIES

1.     Plaintiff Justin Wright is an adult resident of Memphis, Shelby County, Tennessee.

2.     Defendant CoreCivic, Inc. is a corporation duly incorporated under the laws of the state of Maryland and is licensed to do business in the state of Tennessee. This Defendant can be served with process by serving its registered agent for service of process in Tennessee, CT Corporation System, 300 Montvue Rd., Knoxville, Tennessee 37919. Upon information and belief, Defendant CoreCivic, Inc. is a private corrections management firm that managed the Trousdale Turner Correctional Center and that employed all of the prison guards at this facility at all relevant times to this Complaint.

3.      Defendant CoreCivic of Tennessee, LLC is a company duly licensed and organized under the laws of the state of Tennessee. This Defendant can be served with process by serving its registered agent for service of process in Tennessee, CT Corporation System, 300 Montvue Rd., Knoxville, Tennessee 37919. Upon information and belief and by way of alternative pleading, Defendant CoreCivic of Tennessee, LLC is a private corrections management firm that managed the Trousdale Turner Correctional Center and that employed at all of the prison guards at this facility at relevant times to this Complaint.

4.      Defendant CoreCivic, Inc. and Defendant CoreCivic of Tennessee, LLC are hereinafter collectively referred to as the "CoreCivic Defendants." When Plaintiff refers to the CoreCivic Defendants throughout this Complaint, he is referring to the CoreCivic Defendant that owned, operated and managed the Trousdale Turner Correctional Center.

5.      The CoreCivic Defendants operate and perform business within the state of Tennessee, and at all times relevant to this action, owned and/or operated and/or managed the Trousdale Turner Correctional Center in Trousdale County, Tennessee (the "Center"), and were responsible for providing a safe environment for Plaintiff and others at the Center while detained/incarcerated at the Center. Moreover, the CoreCivic Defendants employed the prison guards and staff members and are vicariously liable for their actions and inactions in this case. Finally, the CoreCivic Defendants were (and are) responsible for developing and implementing policies, protocols, procedures and systems, and training their employees and agents to adhere to such systems, for the purpose of providing individuals at the Center with a reasonably safe environment and to take reasonable steps to protect Plaintiff from foreseeable injuries at all times relevant to this claim and failed to do so with regard to Mr. Wright and are, therefore, directly liable. The CoreCivic Defendants are also vicariously

2

liable for the actions and inactions of their employees and agents, actual and apparent. The CoreCivic Defendants owed a duty to Mr. Wright and breached that duty and are subject to liability in this case.

## III. JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to inter alia, T.C.A. §16-10-101 and other applicable laws.

7.      Venue proper in this Court pursuant to inter alia, T.C.A. §20-4-101 et. seq. because all or part of this cause of action arose within Trousdale County, Tennessee.

8.      Plaintiff brings this action, in part, pursuant to federal statutes including, but not limited to 42 U.S.C. §1983 and §1988 for which this Court has concurrent jurisdiction with Federal Court. Plaintiff is also bringing this action pursuant to state law as well.

## V. FACTUAL ALLEGATIONS

8.      At all times relevant hereto, Justin Wright was an inmate at the Trousdale Turner Correctional Center located at 140 Macon Way, Hartsville, Tennessee 37074, which is owned, operated and managed by the CoreCivic Defendants.

9.      Mr. Wright was incarcerated for Theft of Property - $10,000 - $60,000 and Aggravated Burglary but he did not have a history of aggressive and/or violent behavior. Notwithstanding this fact, he was assigned to a pod with several inmates that had a history of violent behavior, including an inmate that was serving a life sentence.

10.     Plaintiff asserts that he should have never been placed in a pod with violent offenders and that he would not have been injured had Defendants not placed him in this pod. Plaintiff asserts that the CoreCivic Defendants acted with deliberate indifference to his health

3

and welfare by putting him in a pod with violent offenders and/or at minimum, they were negligent in doing so.

11. On or about December 30, 2019, Plaintiff told the unit manager (Ms. Themmes) who was employed by the CoreCivic Defendants that other inmates in his pod had threatened him. Plaintiff pleaded with guards to move him or to take action to protect him from this group of inmates that had threatened him. Rather than moving him or taking some action to protect him, the guards made fun of Plaintiff and told him that he better give the other inmates what they wanted. Upon information and belief, Ms. Themmes had a history of telling gang members that inmates had complained about them, resulting in the complaining inmates getting beat up and Plaintiff asserts that Ms. Themmes told the gang members that were threatening Plaintiff about his complaints to her.

12. On the morning of January 1, 2020, Plaintiff woke up to an inmate pulling a knife on him. The inmate took his television and threatened him. Plaintiff does not know the inmate's name, but he was housed in bunk 212 in W Building, Alpha dorm at the time of this attack.

13. Later that same day (January 1, 2020) at approximately 11:00 p.m., Plaintiff was violently attacked by one or more inmates while he slept. He ultimately passed out in his cell at some point and nobody came to his aid. No guards were there to monitor the inmates in the pod and/or to break up fights in order to minimize injury and in fact Defendants and their employees failed to secure medical attention for Mr. Wright for a prolonged period of time.

14. On January 2, 2020, Plaintiff was unable to stand or get out of bed for the 9:00 a.m. inspection. Notwithstanding Plaintiff's obvious need for medical attention, guards at

4

the Center waited for a prolonged period of time before calling someone with medical training to evaluate Plaintiff. After Plaintiff was finally evaluated, he was transported to a hospital for treatment for his injuries.

15.     Plaintiff suffered serious injuries in this foreseeable attack, including a fractured nasal bone, multiple contusions, neck injury, upper and lower back injury, right shoulder separation.

16.     Upon information and belief, Defendants have on numerous occasions failed to take reasonable steps to protect inmates from being assaulted by other inmates after having been notified of threats of an attack. Moreover, upon further information and belief, Defendants have on numerous occasions delayed in making arrangements for injured inmates to be seen by medically trained staff

17.     Defendants knew that Plaintiff had been threatened by other inmates prior to the subject attack and further knew or should have known that he sustained serious injuries in this attack for several hours before making arrangements to get him the appropriate medical care in deliberate indifference to his health and welfare.

18.     Upon information and belief, Defendants did not have a sufficient number of guards on duty at the time of the incident and/or during the hours leading up to the attack to protect Plaintiff and the other inmates from harm.

19.     Upon information and belief, Defendants have on numerous occasions failed to properly monitor inmates who have a history of violence and have placed inmates with histories of violent and/or aggressive behavior with other inmates that did have any violent or aggressive behavior in their histories.

5

20. Plaintiff submits that it is Defendants' responsibility to house inmates at the Trousdale Turner Correctional Center in a safe and secure environment.

21. Plaintiff submits that Defendants had a duty to guard and provide security for Mr. Wright and other inmates to protect them from foreseeable attacks, and Defendants breached and violated this duty on or about January 1, 2020.

22. Defendants knew the inmates in Plaintiff's pod had a history of violent behavior and had a duty to take reasonable measures to protect Plaintiff and failed to do so which constitutes both negligence and a civil rights violation. Moreover, Defendants knew that inmates had threatened to attack Plaintiff before this incident and failed to take any steps to protect him from harm.

23. As a direct and proximate result of the actions and omissions of Defendants, directly and through their agents, Plaintiff suffered serious and permanent injuries.

24. The injuries, harms and damages sustained by Plaintiff were a foreseeable consequence of the actions and inactions of the Defendants by and through their agents.

25. The employees of Defendants specifically or generally identified herein were at all times acting in the course and scope of their employment as state actors/agents of Defendants.

26. Defendants failed to have constitutional policies or practices in place to prevent situations like the ones encountered by Plaintiff and Plaintiff asserts that such inadequate policies or lack of policies were the moving force behind the constitutional violations asserted herein.

27. Upon information and belief, Defendants engaged in a custom, practice or pattern of violating the civil rights of inmates by permitting and/or failing to protect them.

6

28. Upon information and belief, Defendants engaged in a custom, practice or pattern of violating the civil rights of inmates by failing to provide and/or obtain treatment for their serious medical needs such as the need experienced by Plaintiff on or about January 1, 2020.

29. Plaintiff exhibited obvious signs of being in need of serious and immediate medical care and Defendants repeatedly violated his civil rights by failing to make any efforts to get him timely seen by a licensed healthcare provider in deliberate indifference to his health and welfare.

30. On and before January 1, 2020, Defendants, upon information and belief, repeatedly failed to enforce rules, policies and procedures they had in place protecting inmates at the correctional facility and requiring their employees to address violent behavior of inmates.

31. On and before January 1, 2020, Defendants, upon information and belief, repeatedly failed to enforce rules, policies and procedures they had in place monitoring inmates.

32. Defendants acted with deliberate indifference by engaging in a pattern of conduct of refusing to provide prisoners with security and protection from foreseeable attacks.

33. Defendants acted with deliberate indifference by failing to train their guards to immediately respond to inmates in obvious need of assistance.

34. Defendants acted with deliberate indifference by failing to train its employees on how to recognize situations where inmates were at high risk of being attacked by other inmates and then by failing to train them on how to break up fights before an inmate sustains serious injuries, like the injuries sustained by Plaintiff on or about January 1, 2020.

7

35. On the day of Plaintiff's injury at the Trousdale County Correctional Center, Defendants engaged in a pattern of deliberately indifferent conduct by failing to timely respond to his medical needs by making arrangements for someone with medical training to evaluate him for his injuries.

36. By way of alternative pleading, Defendants breached multiple duties of care owed to Plaintiff, each of which were the proximate cause of his pain and suffering.

## IV. FIRST CAUSE OF ACTION-
## CIVIL RIGHTS VIOLATIONS BY DEFENDANTS

37. The allegations previously set forth in this Complaint are incorporated herein by reference.

38. At all relevant times, Defendants and their employees, agents and apparent agents were deliberately indifferent to Plaintiff's cries for help.

39. Defendants committed acts which shock the conscience and deprived Plaintiff of his constitutional rights.

40. Defendants committed the above-described actions and omissions under color of law and under color of their authority as state actors, substantially depriving Mr. Wright of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. §1983 and deprived Mr. Wright of rights guaranteed to him by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution including, but not limited to:

A. Right to be protected from inmates with histories of violence;

B. Right to be protected from attack by other inmates after threats were made;

C. Right to reasonable, necessary and adequate medical treatment;

8

D.  Right to adequate correctional care;

E.  Freedom from a deprivation of life and liberty without due process of law; and

F.  Freedom from cruel and unusual punishment.

41.  Under the Fourth and Fourteenth Amendments to the United States Constitution, pretrial detainees have a right to adequate medical treatment that is analogous to a prisoner's Eighth Amendment right.

42.  Defendants were deliberately indifferent to Mr. Wright's needs when they put him in a pod with inmates with histories of violent behavior and then when they failed to move him out of that pod or take other action to protect him after other inmates had expressly threatened him with harm and especially after he had been robbed by an inmate with a knife several hours before the attack.

43.  Defendants, through its agents and policymakers, engaged in the actions described above while under the color of state law.

44.  Defendants, through its agents and employees, knew of and disregarded a substantial risk of serious harm to Mr. Wright's health and safety.

45.  The policies and/or customs of Defendants were the moving force behind the constitutional violations.

46.  The policies and/or customs of Defendants were implemented with deliberate indifference to the rights of inmates, such as Mr. Wright.

47.  Plaintiff avers that he had the constitutional right to be free from cruel and unusual punishment or, as an inmate, from any punishment, and that right was violated.

9

48.     Defendants had an unconstitutional policy or practice of not seeking immediate medical attention for inmates/arrestees who have who needed medical attention.

49.     Plaintiff alleges that Defendants were required to have a policy in place requiring medical providers to be contacted as soon as possible during or following a physical altercation between inmates. The failure to have such a policy or practice in place was in violation of Mr. Wright's Fourth, Eighth, and Fourteenth Amendment rights.

50.     Plaintiff further alleges that Defendants were required to have a policy in place requiring medical providers to be contacted as soon as possible during or following a physical altercation between inmates and jailers. The failure to have such a policy or practice in place was in violation of Mr. Wright's Fourth, Eighth, and Fourteenth Amendment rights as well.

51.     Defendants had a policy, custom, common practice or tolerated a pattern of conduct permitting guards to observe an inmate who needed medical attention without contacting medical assistance immediately or within a reasonable period of time.

52.     Defendants condoned, tolerated and ratified all of the unconstitutional conduct committed by its employees as set forth herein.

53.     Defendants' employees acted with deliberate indifference to the serious medical needs of Mr. Wright by failing to notify medical personnel sooner that he was in severe distress.

54.     As a direct and proximate result of these constitutional violations by Defendants, Plaintiff experienced severe and permanent personal injuries.

55. Defendants, through its policies, procedures, and patterns of conduct, violated the Plaintiff's civil rights with deliberate indifference. Moreover, Defendants through its failure to adequately train its staff, allowed, condoned, and ratified this type of conduct at the Trousdale Turner Correctional Center where the Plaintiff's civil rights were violated.

56. Defendants' unconstitutional policies, absence of policies, customs, and practices were the moving force of the constitution deprivations suffered by Plaintiff.

57. Defendants tolerated a pattern of conduct, as set forth herein, by its employees and apparent agents which deprived Plaintiff of his federally-protected rights.

58. All constitutional violations alleged herein shock the conscience of the court and society and were committed in deliberate indifference to Plaintiff's federally-protected rights including, but not limited to, adequate medical care.

59. Defendants had a consistent pattern and practice of being deliberately indifferent to the adequate medical health of inmates such as the Plaintiff.

60. All actions and inactions alleged herein were the cause in fact and proximate cause of the foreseeable harm suffered by Plaintiff.

## V. SECOND CAUSE OF ACTION-
## NEGLIGENCE OF DEFENDANTS AND THEIR AGENTS

61. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

62. Defendants are being sued for acts of negligence including, but not limited to, negligent hiring, negligent retention of employees, negligent supervision of employees, and failing to take necessary precautions to prevent the injuries suffered by Plaintiff. Moreover, Defendants are being sued for the negligent acts of its employees and/or agents who were acting in the course and scope of their employment at all times relevant to this action and

11

the outrageous conduct of the unit manager that had an obligation to protect Plaintiff but failed to do so.

63.     Defendants owed a duty to exercise reasonable care in housing Plaintiff. Defendants violated that duty causing foreseeable harm to Plaintiff.

64.     Defendants negligently failed to supervise their employees resulting in the foreseeable harm of Plaintiff.

65.     Defendants were negligent in their failure to seek timely medical care for Plaintiff.

66.     Defendants are liable under applicable state law for the actions and omissions committed by its employees who were acting within the scope of their employment at all times in connection with their actions.

67.     As a direct and proximate result of its failure to properly hire, train, and supervise its employees and agents, Defendants should have reasonably foreseen that Plaintiff was in danger of being attacked by other inmates in the pod where he was housed on January 1, 2020 and they failed to take action to protect him from harm.

68.     Defendants, as well as all other agents or apparent agents of Defendants, owed the Plaintiff a duty to use reasonable care under all applicable circumstances, failed to exercise such care, proximately and directly caused harm to the Plaintiff.

69.     All of the Plaintiff's injuries were the foreseeable consequences of the negligence of the Defendants.

70.     Defendants, and the Defendants' agents and apparent agents were negligent by failing to seek or provide Plaintiff with medical attention he required after he exhibited signs of being injured and altogether failed to take any action to prevent this tragic event.

12

FEB/01/2021/MON 10:28 AM          FAX No.          P. 013

Plaintiff was injured as a direct result of this negligent conduct and suffered intense emotional and physical pain dur to his injuries.

71.    Defendants, as well as other employees and agents, negligently failed to follow proper policies, protocols, and/or standing orders regarding inmates such as Plaintiff on or about January 1, 2020.

72.    Plaintiff submits that Defendants, its agents, apparent agents, and/or employees including, acted with negligence and/or gross negligence.

73.    Defendants should be held vicariously liable for all the actions of its employees, agents, and apparent agents.

74.    All allegations set forth herein against all employees and agents of Defendants are incorporated herein by reference inasmuch as Plaintiff alleges employees and agents of Defendants to be apparent agents of Defendants.

75.    Defendants negligently and improperly classified Plaintiff and other inmates in his pod, and they should not have been housed in the same pod.

76.    Plaintiff suffered severe and permanent injuries as a direct result of the negligence alleged herein.  Accordingly, Plaintiff is entitled to compensatory damages and punitive damages for the conduct alleged herein as provided for under all applicable law.

## VII. DAMAGES

77.    The allegations previously set forth in this Complaint are incorporated herein by reference.

78.     Plaintiff suffered greatly as a result of the wrongful conduct alleged herein. Accordingly, Plaintiff is entitled to compensatory damages for the conduct alleged herein as provided for under all applicable law.

79.     Plaintiff asserts he is entitled to all available damages under applicable law, including but not limited to damages for his conscious pain and suffering, mental anguish, medical expenses, attorneys' fees and legal expenses.

## VIII.   PUNITIVE DAMAGES

80.     The allegations previous set forth in this Complaint are incorporated herein by reference.

81.     Plaintiff alleges that the conduct of Defendants' unit manager was intentional, willful, reckless, grossly negligent and/or malicious entitling Plaintiff to a substantial award of punitive damages to be determined by the trier of fact in this action.

WHEREFORE, premises considered, Plaintiff prays:

a.      That Defendants be served with a copy of the Complaint filed in this matter;

b.      That Plaintiff be awarded compensatory damages in the amount of $500,000.00;

c.      That Plaintiff be awarded punitive damages in an amount to be determined by the trier of fact if it is determined that punitive damages are warranted in this case;

e.      That Plaintiff be awarded such other relief, both general and special, including attorneys' fees and costs to which he may be entitled. In the event Plaintiff is successful in his civil rights claim, he seeks fees and costs pursuant to 42 U.S.C. §1988 and all other applicable laws.

14

PLAINTIFF HEREBY DEMANDS A JURY FOR THOSE CAUSES OF ACTION
WHERE THE LAW PERMITS A TRIAL BY JURY.

Respectfully submitted,

Jeffrey S. Rosenblum, #13626
Matthew T. May, #25547
Rosenblum & Reisman, PC
6070 Poplar Avenue, Suite 550
Memphis, Tennessee 38119
(901) 527-9600

15

# IN THE CIRCUIT COURT OF TROUSDALE COUNTY, TENNESSEE
## FOR THE FIFTEENTH JUDICIAL DISTRICT HARTSVILLE

Docket No. 2020 CV-488

AD DAMNUM $ _____

JUSTIN WRIGHT,

**Plaintiff,**

vs.

CORECIVIC, INC. AND CORECIVIC OF
TENNESSEE, LLC,

**Defendants.**

KIM TAYLOR
2:26pm
DEC 2 9 2020

CIRCUIT COURT CLERK
BY _Sandy Tomlinson_
Method of Service
**TN SECRETARY OF STATE**

TO: CoreCivic of Tennessee, LLC
Registered Agent: CT Corporation System
300 Montvue Road
Knoxville, TN 37919

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Jeffrey S. Rosenblum**, Plaintiff's attorney, whose address is **Rosenblum & Reisman, P.C., 6070 Poplar Avenue, Suite 550, Memphis, Tennessee 38119** and telephone, **(901) 527-9600**, within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

Clerk

TESTED AND ISSUED ___12-23___ 20_20_    _Sandy Tomlinson_ , D.C.

## TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

I, _____ , Clerk of the Court, Trousdale County, Tennessee, certify this to be a true and accurate copy as

filed this ___ of _____, _____ .

Clerk

By: _____ D.C.

Kim Taylor
Circuit Court Clerk
303 East Main Street, Room #2
Hartsville, TN 37074

ADA
FOR ASSISTANCE CALL
615-374-3411

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____ , 20 ___ at _____ M. a copy of the summons and a copy of the Complaint to the following defendant(s):_____ at

_____

_____          By: _____
Signature of Person Accepting Service              Sheriff or other Authorized Person to Serve Process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

_____ is (are) not to be found in this County after diligent search and inquiry for the because

following reason(s): _____

_____

DATED: this _____ day of _____ , 20 ___ .

By: _____
Sheriff or other Authorized Person to Serve Process

## PRIVATE PROCESS SERVER (PLEASE PRINT THE FOLLOWING)

_____          _____
Name of Private Process Server                    Address

_____          _____
Company                                          Phone

# IN THE CIRCUIT COURT OF TROUSDALE COUNTY, TENNESSEE
## FOR THE FIFTEENTH JUDICIAL DISTRICT HARTSVILLE

Docket No. 2020-CV-4881

AD DAMNUM $ _____

JUSTIN WRIGHT,

**Plaintiff,**

vs.

CORECIVIC, INC. AND CORECIVIC OF
TENNESSEE, LLC,

KIM TAYLOR
2:26PM
DEC 2 9 2020
CIRCUIT COURT CLERK
BY Sandy Tomlinson DC

**Defendants.**

TO: CoreCivic, Inc.
    Registered Agent: CT Corporation System
    300 Montvue Road
    Knoxville, TN 37919

Method of Service
TN SECRETARY OF STATE

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Jeffrey S. Rosenblum**, Plaintiff's attorney, whose address is **Rosenblum & Reisman, P.C., 6070 Poplar Avenue, Suite 550, Memphis, Tennessee 38119** and telephone, **(901) 527-9600**, within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

Clerk

TESTED AND ISSUED   12-29   20 20   Sandy Tomlinson DC , D.C.

## TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

I, _____ , Clerk of the Court, Trousdale County, Tennessee, certify this to be a true and accurate copy as

filed this _____ of _____, _____ .

Clerk

By: _____ D.C.

Kim Taylor
Circuit Court Clerk
303 East Main Street, Room #2
Hartsville, TN 37074

ADA
FOR ASSISTANCE CALL
615-374-3411

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____ , 20 ____ at _____ M. a copy of the summons and a copy of the

Complaint to the following defendant(s):_____ at

_____

_____          By:_____

Signature of Person Accepting Service                    Sheriff or other Authorized Person to Serve Process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____ because

_____ is (are) not to be found in this County after diligent search and inquiry for the

following reason(s):

_____

DATED: this _____ day of _____ , 20 ___ .

                              By: _____

                                   Sheriff or other Authorized Person to Serve Process

## PRIVATE PROCESS SERVER (PLEASE PRINT THE FOLLOWING)

_____          _____

Name of Private Process Server                    Address

_____          _____

Company                                           Phone

# ROSENBLUM & REISMAN

## ATTORNEYS AT LAW

T 901.527.9600
F 901.527.9620
www.rosenblumandreisman.com

Triad Centre III
6070 Poplar Avenue, Suite 550
Memphis, TN 38119

March 9, 2021

Trousdale County Circuit Court
Attn: Court Clerk
VIA FACSIMILE: 615-374-1100

Re: Justin Wright vs. CoreCivic, Inc. and CoreCivic of Tennessee, LLC
Docket No. 2020-cv-4881

Dear Court Clerk:

Attached please find the Return of Service of Summonses for Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC.

The original Summonses were issued and sent out through your office for service but are yet to be returned. The Defendants' attorney, Erin Palmer Polly, has agreed to accept service on their behalf via electronic mail and we are attaching the returned and executed summonses for filing.

If you should have any questions or need any additional information, please let me know. Thank you.

Sincerely,

Matthew T. May

cc: Erin Palmer Polly, Attorney
via electronic mail: erin.polly@klgates.com

# IN THE CIRCUIT COURT OF TROUSDALE COUNTY, TENNESSEE
## FOR THE FIFTEENTH JUDICIAL DISTRICT HARTSVILLE

Docket No. __2020-CV-488__

AD DAMNUM $ _____

JUSTIN WRIGHT,

**Plaintiff,**

vs.

CORECIVIC, INC. AND CORECIVIC OF
TENNESSEE, LLC,

KIM TAYLOR
2:26pm
DEC 2 9 2020

CIRCUIT COURT CLERK
BY *Sandy Tomlinson*

Method of Service
TN SECRETARY OF STATE

**Defendants.**

TO:   CoreCivic of Tennessee, LLC
      Registered Agent:  CT Corporation System
      300 Montvue Road
      Knoxville, TN  37919

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Jeffrey S. Rosenblum**, Plaintiff's attorney, whose address is **Rosenblum & Reisman, P.C., 6070 Poplar Avenue, Suite 550, Memphis, Tennessee 38119** and telephone, **(901) 527-9600**, within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service.  If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED ___12- 29___ 20 __20__     *Sandy Tomlinson* _____, D.C.

Clerk

### TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

I, _____, Clerk of the Court, Trousdale County, Tennessee, certify this to be a true and accurate copy as

filed this ____ of _____ _____ .

Clerk

By: _____ D.C.

Kim Taylor
Circuit Court Clerk
303 East Main Street, Room #2
Hartsville, TN  37074

**ADA**
FOR ASSISTANCE CALL
**615-374-3411**

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __8th__ day of ___March___ , 20 _21_ at 11:15 a.m. M. a copy of the summons and a copy of the Complaint to the following defendant(s): ___CoreCivic of Tennessee, LLC___

by email to Erin Palmer Polly, attorney for CoreCivic of Tennessee, LLC, by agreement at

_____
Signature of Person Accepting Service

By: _____
Sheriff or other Authorized Person to serve Process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

_____ is (are) not to be found in this County after diligent search and inquiry for the following reason(s):

_____

DATED: this ____ day of _____ , 20 __ .

By: _____
Sheriff or other Authorized Person to Serve Process

## PRIVATE PROCESS SERVER (PLEASE PRINT THE FOLLOWING)

_____
Name of Private Process Server

_____
Address

_____
Company

_____
Phone

# IN THE CIRCUIT COURT OF TROUSDALE COUNTY, TENNESSEE
## FOR THE FIFTEENTH JUDICIAL DISTRICT HARTSVILLE

Docket No. _2020-CV-4881_

AD DAMNUM $ _____

JUSTIN WRIGHT,

**Plaintiff,**

vs.

CORECIVIC, INC. AND CORECIVIC OF
TENNESSEE, LLC,

**Defendants.**

KIM TAYLOR

2:26PM

DEC 2 9 2020

CIRCUIT COURT CLERK
BY _Sandy Tomlinson_ DC

Method of Service
TN SECRETARY OF STATE

TO: CoreCivic, Inc.
    Registered Agent: CT Corporation System
    300 Montvue Road
    Knoxville, TN 37919

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Jeffrey S. Rosenblum**, Plaintiff's attorney, whose address is **Rosenblum & Reisman, P.C., 6070 Poplar Avenue, Suite 550, Memphis, Tennessee 38119** and telephone, **(901) 527-9600**, within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED _12-29_ 20 _20_    _Sandy Tomlinson_ DC , D.C.

            , Clerk

## TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

I, _____ , Clerk of the Court, Trousdale County, Tennessee, certify this to be a true and accurate copy as

filed this _____ of _____ , _____ .

Clerk

By: _____ D.C.

**Kim Taylor**
Circuit Court Clerk
303 East Main Street, Room #2
Hartsville, TN 37074

ADA
FOR ASSISTANCE CALL
615-374-3411

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __8th__ day of ____March____ , 20 _21_ at __11:15 a.m__. a copy of the summons and a copy of the Complaint to the following defendant(s): ___CoreCivic, Inc._____ at __by email to Erin Palmer Polly, Attorney for CoreCivic, Inc., by agreement_____ at

_____          By: _____
Signature of Person Accepting Service          Sheriff or other Authorized Person to Serve Process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____ because _____ is (are) not to be found in this County after diligent search and inquiry for the following reason(s): _____

DATED: this ____ day of _____ , 20 __ .

By: _____
Sheriff or other Authorized Person to Serve Process

## PRIVATE PROCESS SERVER (PLEASE PRINT THE FOLLOWING)

_____          _____
Name of Private Process Server                    Address

_____          _____
Company                                                          Phone

# IN THE CIRCUIT COURT OF TROUSDALE COUNTY, TENNESSEE
## FOR THE FIFTEENTH JUDICIAL DISTRICT HARTSVILLE

Docket No. 2020-CV-4881                    AD DAMNUM $ _____

**JUSTIN WRIGHT,**                         **CORECIVIC, INC. AND CORECIVIC OF**
                                   vs.     **TENNESSEE, LLC,**           KIM TAYLOR
                                                                         2:26pm
**Plaintiff,**
                                                                         DEC 2 9 2020

                                           **Defendants.**
                                                                         CIRCUIT COURT CLERK
                                                                         BY *Sandy Tomlinson* DC

TO:    CoreCivic, Inc.
       Registered Agent: CT Corporation System          Method of Service
       300 Montvue Road                                 **TN SECRETARY OF STATE**
       Knoxville, TN 37919

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Jeffrey S. Rosenblum**, Plaintiff's attorney, whose address is **Rosenblum & Reisman, P.C.**, **6070 Poplar Avenue, Suite 550, Memphis, Tennessee 38119** and telephone, **(901) 527-9600**, within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

                                                                         ⌐ Clerk

TESTED AND ISSUED     12-29     20 20    *Sandy Tomlinson* DC     , D.C.

## TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

I, _____ , Clerk of the Court, Trousdale County, Tennessee, certify this to be a true and accurate copy as

filed this _____ of _____ , _____ .

Clerk

                          By: _____ D.C.

                              Kim Taylor
                              Circuit Court Clerk
                              303 East Main Street, Room #2
                              Hartsville, TN 37074

                              **ADA**
                              FOR ASSISTANCE CALL
                              **615-374-3411**

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __8th__ day of ___March___ , 20 _21_ at _11:15 a.m._M. a copy of the summons and a copy of the

Complaint to the following defendant(s): ___CoreCivic, Inc._____ at

___by email to Erin Palmer Polly, Attorney for CoreCivic, Inc., by agreement_____

_Erin Palmer Polly_                     By: _____

Signature of Person Accepting Service           Sheriff or other Authorized Person to Serve Process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____ because

_____ is (are) not to be found in this County after diligent search and inquiry for the

following reason(s):

_____

DATED: this ____ day of _____ , 20 __ .

By: _____

Sheriff or other Authorized Person to Serve Process

## PRIVATE PROCESS SERVER (PLEASE PRINT THE FOLLOWING)

_____        _____

Name of Private Process Server                   Address

_____        _____

Company                                                 Phone

# IN THE CIRCUIT COURT OF TROUSDALE COUNTY, TENNESSEE
## FOR THE FIFTEENTH JUDICIAL DISTRICT HARTSVILLE

Docket No. 2020-CV-4881

AD DAMNUM $ _____

JUSTIN WRIGHT,

Plaintiff,

vs.

CORECIVIC, INC. AND CORECIVIC OF TENNESSEE, LLC,

KIM TAYLOR
2:26pm
DEC 2 9 2020
CIRCUIT COURT CLERK
BY Sandy Tomlinson MC

Defendants.

TO:  CoreCivic, Inc.
     Registered Agent: CT Corporation System
     300 Montvue Road
     Knoxville, TN 37919

Method of Service
TN SECRETARY OF STATE

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Jeffrey S. Rosenblum**, Plaintiff's attorney, whose address is **Rosenblum & Reisman, P.C., 6070 Poplar Avenue, Suite 550, Memphis, Tennessee 38119** and telephone, **(901) 527-9600**, within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

Clerk

TESTED AND ISSUED  12-29  20 20  Sandy Tomlinson DC , D.C.

### TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

I, _____ , Clerk of the Court, Trousdale County, Tennessee, certify this to be a true and accurate copy as

filed this _____ of _____, _____ .

Clerk

By: _____ D.C.

Kim Taylor
Circuit Court Clerk
303 East Main Street, Room #2
Hartsville, TN 37074

ADA
FOR ASSISTANCE CALL
615-374-3411

FEB/01/2021/MON 01:03 PM      FAX No.      P. 002

# RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __8th__ day of ___March____ , 20 _21_ at _11:15 a.m_M. a copy of the summons and a copy of the

Complaint to the following defendant(s): ___CoreCivic, Inc._____ at

___by email to Erin Palmer Polly, Attorney for CoreCivic, Inc., by agreement_____

_Erin Palmer Polly_ By: _[signature]_

Signature of Person Accepting Service          Sheriff or other Authorized Person to Serve Process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____ because

_____ is (are) not to be found in this County after diligent search and inquiry for the

following reason(s):

_____

DATED: this ____ day of _____ , 20 __ .

By: _____

Sheriff or other Authorized Person to Serve Process

## PRIVATE PROCESS SERVER (PLEASE PRINT THE FOLLOWING)

_____          _____

Name of Private Process Server                  Address

_____          _____

Company                                          Phone